IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID L. WILLIAMS,           )<br>    Plaintiff,                         )<br>                                          )<br>v.                                      )<br>                                          )<br>ANDREW M. SAUL,            )<br>*Commissioner of Social Security*, )<br>    Defendant.                        ) | CIVIL ACTION NO. 1:19-00412-N |

## MEMORANDUM OPINION AND ORDER

Plaintiff David L. Williams brought this action under 42 U.S.C. § 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.*[1] Upon due consideration of the parties' briefs (Docs. 18, 19) and those portions of the administrative record (Doc. 15) relevant to the issues raised, and with the benefit of oral argument, the Court finds that the Commissioner's final decision is due to be **AFFIRMED**.[2]

### I.   *Procedural Background*

This is the second time Williams has sought judicial review with this Court

---

[1] "Title XVI of the Act provides for the payment of disability benefits to indigent persons under the Supplemental Security Income (SSI) program." *Bowen v. Yuckert*, 482 U.S. 137, 140, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (citing 42 U.S.C. § 1382(a)).

[2] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 23, 24; 3/3/2020 text-only order of reference).

on denial of his subject application for SSI, which he filed with the Social Security Administration ("SSA") on April 5, 2011. (Doc. 15, PageID.79). After the Commissioner issued his first unfavorable final decision denying Williams's application, Williams sought judicial review of that decision with this Court in *Williams v. Colvin*, S.D. Ala. Case No. 1:14-cv-00351 (hereinafter, "*Williams I*"). On June 16, 2015, the Court reversed and remanded the Commissioner's first unfavorable final decision under sentence four of 42 U.S.C. § 405(g).[3] *See* (Doc. 15, PageID.540-567); (1:14-cv-00351 Docs. 22, 23); *Williams v. Colvin*, No. CIV.A. 14-00351-B, 2015 WL 3751400 (S.D. Ala. June 16, 2015) (Bivins, M.J.).[4] Following remand to the Commissioner, on January 14, 2016, the Appeals Council for the Office of Disability Adjudication and Review vacated the first unfavorable final decision and remanded the case for further proceedings before an SSA Administrative Law Judge ("ALJ"). (*See* Doc. 15, PageID.568-571).

On remand from the Appeals Council, a hearing was held before the ALJ on

---

[3] *See* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow … The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

[4] The Court will hereinafter cite to the *Williams I* decision using the Westlaw database citation.

February 15, 2017. On March 8, 2017, the ALJ issued an unfavorable decision on Williams's application, finding him not disabled under the Social Security Act and therefore not entitled to benefits. (*See* Doc. 15, PageID.443-458). The Commissioner's decision on Williams's application again became final when the Appeals Council declined to assume jurisdiction over the ALJ's unfavorable decision on May 22, 2019. *See* (*id.*, PageID.415-419); 20 C.F.R. § 416.1484(a) ("In accordance with § 416.1483, when a case is remanded by a Federal court for further consideration, the decision of the administrative law judge will become the final decision of the Commissioner after remand on your case unless the Appeals Council assumes jurisdiction of the case."). Williams subsequently brought this action under § 1383(c)(3) for judicial review of the Commissioner's second final decision.

## II.   *Standards of Review*

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards.  Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). In reviewing the Commissioner's factual findings, the Court " 'may not decide the facts anew,

reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Winschel*, 631 F.3d at 1178 (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). " 'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.' " *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

Put another way, "[u]nder the substantial evidence standard, we cannot look at the evidence presented to [an administrative agency] to determine if interpretations of the evidence other than that made by the [agency] are possible. Rather, we review the evidence that was presented to determine if the findings made by the [agency] were unreasonable. To that end, [judicial] inquiry is highly deferential and we consider only whether there is substantial evidence for the findings made by the [agency], *not* whether there is substantial evidence for some *other* finding that could have been, but was not, made. That is, even if the evidence could support multiple conclusions, we must affirm the agency's decision unless there is no reasonable basis for that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1029 (11th Cir. 2004) (en banc) (citations and quotation omitted).[5]

---

[5] *See also Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam) ("The court need not determine whether it would have reached a different result based upon the record" because "[e]ven if we find that the evidence preponderates against the [Commissioner]'s decision, we must affirm if the decision is supported by substantial evidence."); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir.

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [A court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts."). "In determining whether substantial evidence exists, [a court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). If a court determines that the Commissioner reached his decision by focusing upon one aspect of the evidence and ignoring other parts of the record[, i]n such circumstances [the court] cannot properly find that the administrative decision is

---

1991) (under the substantial evidence standard, "we do not reverse the [Commissioner] even if this court, sitting as a finder of fact, would have reached a contrary result…"); *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("In light of our deferential review, there is no inconsistency in finding that two successive ALJ decisions are supported by substantial evidence even when those decisions reach opposing conclusions. Faced with the same record, different ALJs could disagree with one another based on their respective credibility determinations and how each weighs the evidence. Both decisions could nonetheless be supported by evidence that reasonable minds would accept as adequate."); *Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991) ("Substantial evidence may even exist contrary to the findings of the ALJ, and we may have taken a different view of it as a factfinder. Yet, if there is substantially supportive evidence, the findings cannot be overturned."); *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.").

supported by substantial evidence. It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence." *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986). Nevertheless, " 'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision ... is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole.' " *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam) (quotation and brackets omitted)). [6]

---

[6] Moreover, "district court judges are not required to ferret out delectable facts buried in a massive record," *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (28 U.S.C. § 2254 habeas proceedings), and " '[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it…' " *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (Fed. R. Civ. P. 56 motion for summary judgment) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)) (ellipsis added). The Eleventh Circuit Court of Appeals, whose review of Social Security appeals "is the same as that of the district court[,]" *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam), generally deems waived claims of error not fairly raised in the district court. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115-16 (11th Cir. 1994) ("As a general principle, [the court of appeals] will not address an argument that has not been raised in the district court…Because Stewart did not present any of his assertions in the district court, we decline to consider them on appeal." (applying rule in appeal of judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3)); *Crawford*, 363 F.3d at 1161 (same); *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 962 (11th Cir. 2016) (per curiam) (unpublished) (same); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 769 (11th Cir. 2016) (per curiam) (unpublished) ("As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was 'not raise[d] . . . before the administrative agency or the district court')."); *In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f

The "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g., Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ....' 42 U.S.C.A. s 405(g) … As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing

---

a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (applying *In re Pan American World Airways* in Social Security appeal); *Sorter v. Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1073 (11th Cir. 2019) (per curiam) (unpublished) ("Sorter has abandoned on appeal the issue of whether the ALJ adequately considered her testimony regarding the side effects of her pain medication because her initial brief simply mentions the issue without providing any supporting argument. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278–79 (11th Cir. 2009) (explaining that 'simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue')."); *Figuera v. Comm'r of Soc. Sec.*, 819 F. App'x 870, 871 n.1 (11th Cir. 2020) (per curiam) (unpublished) ("Figuera also argues the ALJ failed to properly assess her credibility … However, Figuera did not adequately raise this issue in her brief before the district court. She raised the issue only summarily, without any citations to the record or authority. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (noting that a party 'abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority'). As a result, we do not address the sufficiency of the ALJ's credibility finding.").

claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). " 'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.' " *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004)."). It is also important to note that a court cannot "affirm simply because some rationale might have supported the [Commissioner]' conclusion[,]" as "[s]uch an approach would not advance the ends of reasoned decision making." *Owens*, 748 F.2d at 1516. Rather, "an agency's order must be upheld, if at all, on the same basis articulated in the order by the agency itself." *Fed. Power Comm'n v. Texaco Inc.,* 417 U.S. 380, 397, 94 S. Ct. 2315, 41 L. Ed. 2d 141 (1974) (quotation omitted). *See also Newton v. Apfel*, 209 F.3d 448, 455

(5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council."); *Nance v. Soc. Sec. Admin., Comm'r*, 781 F. App'x 912, 921 (11th Cir. 2019) (per curiam) (unpublished)[7] ("Agency actions … must be upheld on the same bases articulated in the agency's order." (citing *Texaco Inc.,* 417 U.S. at 397, and *Newton*, 209 F.3d at 455)).

Eligibility for SSI requires that a claimant be "disabled," 42 U.S.C. § 1382(a)(1)-(2), meaning that the claimant is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 1382c(a)(3)(A).

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[8]

---

[7] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

[8] The Court will hereinafter use "Step One," "Step Two," etc. when referencing

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

### III.   *Analysis*

Williams's sole claim of error is that the Commissioner failed to comply with the Court's judgment in *Williams I* on remand. The undersigned disagrees.

"Whether a court complied with a mandate is an issue of law … review[ed] *de novo*." *Apone v. Comm'r, Soc. Sec. Admin.*, 435 F. App'x 864, 865 (11th Cir. 2011) (per curiam) (citing *Ad–Vantage Tel. Directory Consultants, Inc. v. GTE Directories Corp.*, 943 F.2d 1511, 1517 (11th Cir. 1991)). "A court 'may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate.' " *Id.* (quoting *Piambino v. Bailey*, 757 F.2d

---

individual steps of this five-step sequential evaluation.

1112, 1119 (11th Cir. 1985)).[9] The Social Security regulations provide that, "[w]hen a Federal court remands a case to the Commissioner for further consideration, the Appeals Council, acting on behalf of the Commissioner, may make a decision, or it may remand the case to an administrative law judge with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision." 20 C.F.R. § 416.1483. When the Appeals Council remands a case to an ALJ, the ALJ must "take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 416.1477(b). Here, the Appeals Council remanded the case to an ALJ "for further proceedings consistent with the order of the court" in *Williams I*, with the additional directives to "offer [Williams] the opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision." (Doc. 15, PageID.570).

In *Williams I*, the Court expressly remanded "due to the ALJ's failure to consider Listing 12.05C and apply the correct legal framework." 2015 WL 3751400, at *11. "Under the version of Listing 12.05 in effect at the time of [*Williams I*], 'a claimant must at least (1) have significantly subaverage general intellectual functioning; (2) have deficits in adaptive behavior; and (3) have manifested deficits in adaptive behavior before age 22.' " *Dames v. Comm'r of Soc. Sec.*, 743 F. App'x 370, 372 (11th Cir. 2018) (per curiam) (unpublished) (quoting *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997)). "A claimant must also [have met] one of the

---

[9] In *Apone*, the only issue was whether an ALJ complied with the Appeals Council's order following a remand from the district court. *See* 435 F. App'x at 865 n.4.

four sets of criteria found in 12.05(A), (B), (C), and (D) to show her impairments are severe enough to meet or equal Listing 12.05." *Id.* (citing 20 C.F.R. pt. 404, subpt. P, app. 1, 12.05 (effective May 18, 2015)).

"To establish a disability under section 12.05(C), a claimant must [have] present[ed] evidence of a valid verbal, performance, or full-scale I.Q. score of between 60 and 70 inclusive, and of a physical or other mental impairment imposing additional and significant work-related limitation of function." *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citing 20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.05C (1992)). The Eleventh Circuit Court of Appeals recognized that "[g]enerally, a claimant [met] the criteria for presumptive disability under section 12.05(C) when the claimant present[ed] a valid I.Q. score of 60 to 70 inclusive, and evidence of an additional mental or physical impairment that has more than 'minimal effect' on the claimant's ability to perform basic work activities." *Id.* (citing *Edwards by Edwards v. Heckler*, 755 F.2d 1513, 1517 (11th Cir. 1985)). Accord *Hodges v. Barnhart*, 276 F.3d 1265, 1269 (11th Cir. 2001). The Eleventh Circuit, however, also "recognized that a valid I.Q. score need not be conclusive of mental retardation where the I.Q. score is inconsistent with other evidence in the record on the claimant's daily activities and behavior." *Lowery*, 979 F.2d at 837 (citing *Popp v. Heckler*, 779 F.2d 1497, 1499 (11th Cir.1986) (per curiam)).

In *Williams I*, the Court found that Williams was entitled to the aforementioned rebuttable presumption of disability under Listing 12.05C, given his "full IQ score of 66, and the ALJ's finding that Plaintiff has severe mental

impairments including adjustment disorder, attention deficit hyperactivity disorder and personality disorder," and that it was "far from clear [from the Commissioner's first unfavorable final decision] that the presumption of deficits in adaptive functioning … ha[d] been rebutted." 2015 WL 3751400, at **10-11. Williams argues that the ALJ on remand did not comply with *Williams I* because she "failed to rebut the presumption under 12.05C that the valid IQ score is inconsistent with record evidence of a Claimant's daily activities and behavior." (Doc. 18, PageID.835).

In response, the Commissioner correctly points out that on September 26, 2016 – after the Appeals Council had remanded Williams's case to the ALJ for further proceedings consistent with *Williams I*, but prior to the ALJ's hearing on remand – the SSA revised the medical criteria for evaluating mental disorders, which included revisions to Listing 12.05. *See* Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66,138. Those revisions specified that they were to be applied in all new and pending Social Security cases, including cases on remand from a federal court, as of January 17, 2017, *id.,* 66,138 & n.1 – a month prior to the ALJ's hearing on remand.[10] "Amended Listing 12.05 simplified the four sets of criteria into two alternate criteria in subsections 12.05(A) and (B)[,]" thus eliminating Listing 12.05(C). *Dames*, 743 F. App'x at 372 (citing 20 C.F.R. pt. 404, subpt. P, app. 1, 12.05). Amended Listing 12.05(B) now states that a claimant can demonstrate disability by satisfying each of the following three criteria:

---

[10] The revisions also stated that the SSA "expect[s] that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions." 81 Fed. Reg. 66,138 n.1.

    1. Significantly subaverage general intellectual functioning evidenced by a or b:

        a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or

        b. A full scale (or comparable) IQ score of 71–75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and

    2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:

        a. Understand, remember, or apply information (see 12.00E1); or

        b. Interact with others (see 12.00E2); or

        c. Concentrate, persist, or maintain pace (see 12.00E3); or

        d. Adapt or manage oneself (see 12.00E4); and

    3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.[11]

Williams's brief fails to mention, let alone discuss, the revised version of Listing 12.05 in effect at the time of the ALJ's decision on remand. Moreover, *Williams I* simply found that the ALJ had improperly applied the version of Listing 12.05 in effect at the time, and remanded "for further proceedings not inconsistent

---

[11] Amended Listing 12.05A makes no specific reference to IQ scores and does not appear relevant to the rebuttable presumption discussed in *Williams I*. Indeed, revised Listing 12.05A is "for claimants whose cognitive limitations prevent them from being able to take a standardized intelligence test…" 81 Fed. Reg. 66,138, 66,150.

with th[at] decision." 2015 WL 3751400, at *1. *Williams I* did not specifically instruct the Commissioner to apply old Listing 12.05C on remand, nor did any other provision of that decision prevent the Commissioner from applying the revised Listing 12.05 on remand. Accordingly, the ALJ did not contravene the Appeals Council's remand order directing further proceedings consistent with *Williams I*. Moreover, as the Commissioner correctly notes, Williams does not qualify for disability under revised Listing 12.05B regardless of IQ score, as ALJ found that Williams had marked limitations only in the area of understanding, remembering, or applying information, and only moderate limitations in the other three areas of mental functioning (*see* Doc. 15, PageID.449-450) – findings which do not satisfy paragraph 2 of Listing 12.05B, and which Williams does not contest here.

Contrary to Williams's suggestion, revised Listing 12.05(B) is substantively different from old Listing 12.05(C), such that the "rebuttable presumption" applied to old Listing 12.05C does not appear applicable to revised Listing 12.05B. Under old Listing 12.05C, a claimant merely had to show, in addition to a valid relevant IQ score, evidence "of a physical or other mental impairment imposing additional and significant work-related limitation of function." *Lowery*, 979 F.2d at 837. The Eleventh Circuit interpreted that to mean, for purposes of applying the rebuttable presumption, that the impairment need only have "more than 'minimal effect' on the claimant's ability to perform basic work activities." *Id*. As *Williams I* noted, an ALJ's finding of any severe impairment at Step Two – itself a necessary finding to consideration of the Listing of Impairments at Step Three – would appear to have

satisfied that requirement. *See Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1265 (11th Cir. 2019) (per curiam) ("We have recognized that an 'impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.' " (quoting *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986))). On the other hand, revised Listing 12.05(B) now requires, in addition to a relevant IQ score, evidence of "extreme limitation of one, or marked limitation of two, of the … areas of mental functioning" in Listing 12.05(B)(2), a more rigorous analysis distinct from determining "severe impairments" at Step Two.

No reversible error having been shown, the Court finds that the Commissioner's second final decision denying Williams's application for benefits is therefore due to be **AFFIRMED**.

## IV.   *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's second final decision denying Williams's April 5, 2011 application for SSI is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

Final judgment shall issue separately in accordance with this order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 13th day of November 2020.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**